IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES G. ARNOLD, #306410        *
        Petitioner,
      v.                                   *     CIVIL ACTION NO. DKC-10-2743

WARDEN KATHLEEN GREEN      *
        Respondent.
                                           ***

## MEMORANDUM OPINION

On October 4, 2010, this court received a 28 U.S.C. § 2241 Petition for writ of habeas corpus from James G. Arnold ("Arnold"), an inmate confined at the Eastern Correctional Institution in Westover, Maryland. Arnold takes issue with the manner in which his industrial credits have been calculated and claims that "improper crediting [has resulted] in a more lengthy term of confinement." Paper No. 1 at 2. He claims that he should have, but has not, received the award of five industrial credits for the months of May, June, July, August, and September, 2010. *Id*. at pp. 3-4. Arnold asks that the court "fast track" this cause of action for an expedited response.

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter). Arnold does not contend that a state remedy is unavailable for his claims and a review of the cause of action and the state court docket reveals that he has not fully exhausted his remedies as to this issue. According to Arnold, he cannot exhaust his administrative remedies with regard to this issue under the Division of Correction administrative remedy procedure ("ARP") because of the subject matter.

Assuming that Arnold has presented claims which implicate constitutional issues, his § 2241 claims may not proceed due to the failure to demonstrate exhaustion of state court remedies as to each and every ground raised herein. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973).[1] Because Arnold has not exhausted his remedies, his case will be dismissed without prejudice. A separate Order follows.[2]

Date: __October 15, 2010__            _____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[1] An inmate claiming an entitlement to an immediate release may seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals; and

3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

*See* Md, Rule 15-301, *et seq,*; Md. Rule 8-201, *et seq.*; and Md. Rule 8-301, *et seq*.

[2] As of the within signature date, the docket does not show that Arnold filed the $5.00 habeas fee or an indigency application. He seeks an extension of time in which to do so. In light of the summary dismissal of the matter, however, Arnold's Motion shall be denied as moot.